The Law Office Of
# STEVEN A. MORELLI

1461 Franklin Avenue, Garden City, New York 11530

Tel: 516-393-9151 　　　　　　　　　　　　　　　　　　　　　　　　　Fax: 516-280-7528

---

June 17, 2011

**VIA ELECTRONIC CASE FILING**

Honorable Leonard Wexler
United States District Court
Eastern District of New York
944 Federal Plaza
Central Islip, New York 11722

　　　Re:　*Esposito v. Hofstra University, et al.*
　　　　　　11-CV-2364 (LDW) (ETB)

Dear Judge Wexler:

　　　I write this letter on behalf of Plaintiff Lisa Esposito and in response to the letter of Domenique Camacho Moran, attorney for Defendants, dated June 8, 2011 requesting a pre-motion conference before Your Honor. I apologize for the delay in submitting this responsive letter, which is being filed in conjunction with an Amended Complaint in the referenced matter pursuant to F.R.C.P. Rule 15 (1)(b).

## Plaintiff's Claims Against the Individual Defendants Should Not Be Dismissed

　　　While Plaintiff acknowledges that the Second Circuit has routinely held that there is no individual liability under Title VII, the New York State Human Rights Law has expressly recognized liability for individuals who have aided and abetted discriminatory practices. *See* Executive Law § 296(g)(6). Accordingly, Plaintiff's claim against the Individual Defendants should not be dismissed.

## Plaintiff Has Properly Pled a Cause of Action for Sexual Harassment

　　　Contrary to Defendants' assertions, Plaintiff's claim is based on several allegations of sexual harassment. After Professor Singer made sexual advances to Plaintiff and asked her to go out for a drink to discuss her paper and she rejected his advances, he began to single Plaintiff out in the classroom and alter the conditions of her educational experience. As alleged in the Complaint, Professor Singer would constantly pick on Plaintiff during class, would viciously

argue with her and single her out for any opinion or comment she made during the class discussion, and gave other students extensions on assignments without informing Plaintiff that she too could get a much needed extension. *See* Complt. ¶ 16, 17, 22. In fact, only after Professor Singer gave Plaintiff a "D" on her paper, did he tell her that she could have had more time to work on it. Complt. ¶ 23. The Complaint goes on to allege specific instances where Professor Singer singled out Plaintiff from the other students. *See, e.g.* Complt. ¶ 26 (another student failed to revise a paper but still received an A); Complt. ¶ 27 (Professor Singer would refuse to accept assignments from Plaintiff when she tried to turn them in on the due date); and Complt. ¶ 38, 40 (Professor Singer publically critiqued Plaintiff's work and embarrassed and demeaned Plaintiff). These continued acts of hostility towards Plaintiff constitute "severe and pervasive" conduct required to survive dismissal.

Plaintiff has also properly alleged a claim against Hofstra for sexual harassment. As alleged in the Complaint, Hofstra's "investigation" was not conducted in good faith. *See* Complt. ¶ 55 (Hofstra only interviewed one witness regarding Plaintiff's complaint). Moreover, Plaintiff expressed concerns with the fairness of Hofstra's appeals process for her grades because her appeals were heard by people directly involved with her allegations, including Professor Singer himself. Complt. ¶ 48. This biased, bad faith "investigation" into Plaintiff's complaints was a failure by Hofstra to respond reasonably. Accordingly, Plaintiff has properly pled a sexual harassment claim.

**Plaintiff's Age Discrimination Claim Should Not Be Dismissed**

All deficiencies referenced by Defendants have been corrected in Plaintiff's Amended Complaint. (*See* Amended Complaint ¶ 5, 25, 26). Plaintiff, who is over the age of 40, was subjected to adverse actions by Defendants and was treated more harshly than other younger students and received lower grades. As a result of these lower grades, Plaintiff was placed on probation, and was ultimately removed from the Masters in Education program. Accordingly, Plaintiff has properly pled a claim for age discrimination.

**Plaintiff's Retaliation Claim Should Not Be Dismissed**

Plaintiff has properly pled a cause of action for retaliation. After Defendants conducted a biased and unfair appeals process of Plaintiff's grades, Plaintiff was dismissed from the graduate program, and then subsequently permitted to take two classes during the fall 2010 semester on a probationary basis, but was required to retake a course. (Complt. ¶ 58, 59). After making complaints of discrimination and harassment, Plaintiff continued to receive unfair treatment, being graded more harshly than other students, receiving early and unjustified evaluations during her student teaching assignment, and being refused a new student teaching assignment despite Hofstra's practice of allowing students unhappy with their placements to request a new placement. Complt. ¶ 62, 66, 71, 73, 74. Plaintiff was ultimately dismissed from her student teaching assignment despite having done all of her assigned work. Complt. ¶ 75. Thereafter, Plaintiff was told that she had to either (1) complete three more rotations of student teaching, (2)

2

extend the student teaching period at another school, or (3) take two independent course to earn a Masters in Curriculum instead of the Masters in Education, the degree that she paid for and had been working towards the last year. Complt. ¶ 76. Plaintiff ultimately felt compelled to choose to earn a Masters in Curriculum because Hofstra informed her that there might not be an available rotation to satisfy Plaintiff's student teaching requirement, and Plaintiff feared that if she encountered similar problems at a new student teaching placement, that she would risk losing the opportunity to earn a Masters Degree altogether. *See* Amended Complaint ¶ 77. All of these actions show Defendants' continued pattern and practice of retaliation against Plaintiff. Moreover, since the filing of the Complaint, Defendants have further retaliated against Plaintiff and have now accused her of violating Hofstra's policies of academic honesty. *See* Amended Complaint ¶ 80 - 101.

Based upon the foregoing, Plaintiff has properly pled a cause of action for retaliation.

Respectfully submitted,

THE LAW OFFICE OF STEVEN A. MORELLI, P.C.
Attorneys for Plaintiff

_____
Steven A. Morelli (SM 4721)

SAM/pf
cc:   Domenique Camacho Moran, Esq.

3