UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LISA ESPOSITO,

        Plaintiff,

   -against-

HOFSTRA UNIVERSITY, ALAN J. SINGER
and STUART RABINOWITZ,

        Defendants.
----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 11-2364

(Wexler, J.)

APPEARANCES:

LAW OFFICE OF STEVEN A. MORELLI, P.C.
BY: STEVEN A. MORELLI, ESQ.
     PATRICIA FINNERAN, ESQ.
1461 Franklin Avenue
Garden City, New York 11530
Attorneys for Plaintiff

FARRELL FRITZ, P.C.
BY: DOMENIQUE CAMACHO MORAN, ESQ.
    MICHAEL A.H. SCHOENBERG, ESQ.
13230 RXR Plaza
Uniondale, New York 11556
Attorneys for Defendants

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y
★ FEB 24 2012 ★
LONG ISLAND OFFICE

WEXLER, District Judge

Plaintiff Linda Esposito ("Plaintiff") brings this action alleging age and gender discrimination in connection with her enrollment in the Masters of Education program at Defendant Hofstra University ("Hofstra" or the "University"). In addition to naming Hofstra as a Defendant, Plaintiff names as Defendants Professor Allan Singer ("Singer"), and Stuart Rabinowitz, the President of the University. Presently before the court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint.

1

## BACKGROUND

I. <u>The Parties and the Factual Allegations of the Complaint</u>

The facts set forth below are drawn from Plaintiff's amended complaint and are accepted as true in the context of this motion.

Plaintiff is a 49 year old female who was enrolled in the University's Masters of Education Program ("MSE") in 2009. She first met Defendant Singer during an application process interview. During the interview, Singer pointed out that certain of Plaintiff's undergraduate history grades led him to doubt whether she could be admitted to the Program. Singer agreed, nonetheless, to accept Plaintiff if she could maintain a certain grade point average during the winter session of classes. Plaintiff was thereafter accepted into the Program.

In January 2010, Plaintiff was enrolled in Singer's "SED 292" class. It was Plaintiff's encounter with Singer at a meeting in his office that is alleged to have set all of Plaintiff's allegations of unfair treatment in motion. Specifically, Plaintiff states that within two weeks of beginning the Program, she expressed disappointment with a grade. Singer is stated to have invited Plaintiff to his office to discuss the grade. During that meeting, Singer is alleged to have seated himself next to Plaintiff, rather than across from Plaintiff at his desk chair. Singer is stated to have made "sexual advances at [Plaintiff] by asking her to go out for a drink to discuss the paper." Plaintiff states that she refused Singer's advances and invitation.

With the limited exception fo claims of retaliation Plaintiff attributes each and every unfavorable academic experience that she encountered following this incident, and there are several, to her refusal of Singer's alleged sexual advance. Specifically, Plaintiff states that after the office meeting, Singer constantly picked on her and would "viciously argue with her" during class. She states that a paper that she wrote for Singer was "cut up and critiqued many times . . .

2

." She further states that she was not told about possible extensions of time in which to submit her paper, resulting in unfair treatment and grading. Singer is also alleged to have refused to hand back Plaintiff's papers and to have refused to accept papers on their due date. Each of Plaintiff's assignments is alleged to have been harshly critiqued.

In the Spring 2010 semester, Plaintiff was again enrolled in a class taught by Singer. Plaintiff alleges that she was again harshly criticized, berated, and subject to ridicule in front of the class. During the same semester that Plaintiff took her second class with Professor Singer, she was enrolled in a class with Professor Michael Pezone. Plaintiff describes Professor Pezone as a "good friend" of Singer's. Plaintiff received a final grade of C in Professor Pezone's class – a poor grade that she attributes to Pezone's alliance with Singer. Pezone is alleged to have told Plaintiff that he did not feel that she was qualified to be in the Program or to teach history.

Plaintiff took advantage, without success, of the University's grading appeal process. Plaintiff's first complaint of any allegedly discriminatory treatment did not come until May 20, 2010. On that date, Plaintiff's counsel wrote to Defendant President Rabinowitz to express Plaintiff's disappointment with the appeal process. Plaintiff took the position that the appeal process was unfair because appeals were handled by people "involved with" Professor Singer. Plaintiff also complained, at that time, that she was discriminated against on account of her age.

In a letter dated July 16, 2010, Plaintiff was informed of her dismissal from the Program. Thereafter, in July of 2010, Plaintiff filed a charge of sexual harassment with the University against Professor Singer. In connection with that charge, Plaintiff supplied the names of two individuals who she states were witnesses to the harassment. The University is alleged to have investigated the harassment and to have concluded that Singer did not harass Plaintiff. Plaintiff appears to characterize the University's investigation as inadequate. In any event, Plaintiff

3

internally appealed the University's decision and, on December 6, 2010, was advised that the finding no sexual harassment was affirmed. Despite her dismissal from the Program, Plaintiff was allowed to take two classes during the Fall 2010 semester, including a re-take of the second class taught by Professor Singer. That class was taught by a different professor and Plaintiff ultimately received a grade of B+, a grade below the A- that Plaintiff was told she needed to continue in the Program. Again, Plaintiff states that she was treated more harshly than her classmates.

Plaintiff was placed in a student teaching position in the Spring 2011 semester. She complains that the teacher with whom she was placed was known to the University to present difficulties for student teachers in the past. On February 28, 2011, Plaintiff was dismissed from her student teaching position. Upon her dismissal, Plaintiff was given three options for continuing in the Program: (1) completion of three additional student teaching rotations; (2) extending her student teaching position at a different school or (3) transferring from the Program to a graduate program in Masters in Curriculum. Plaintiff chose the final option.

In May of 2011, Plaintiff was charged with academic dishonesty. She characterizes this charge as made in retaliation for her complaints of discrimination. On May 26, 2011, Plaintiff attended her graduation ceremony. Four days later, she was informed that the charge of academic dishonesty was reported. Plaintiff sates that this pending charge puts her in jeopardy of losing credit for some courses and not receiving her degree.

II.     Plaintiff's Claims and the Motion to Dismiss

Plaintiff relies on the foregoing facts in support of the claims that she was subject to a sexually hostile environment and that she was discriminated against on the basis of her age and in retaliation for her claims of discrimination. The complaint asserts federal gender

4

discrimination claims pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681-1688 (1988) ("Title IX"), and a federal age discrimination claims pursuant to the Age Discrimination Act of 1975, 42 U.S.C. §6102. Plaintiff also sets forth parallel state law claims pursuant to the New York State Human Rights Law ("NYSHRL").

Defendants move to dismiss the complaint in its entirety. Defendants argue that any age discrimination claim based upon Federal law must be dismissed for failure to exhaust administrative remedies. Any remaining age discrimination claim asserted pursuant to State law is argued to be subject to dismissal on the merits for failure to set forth a claim that is plausible.

The claim of sexual harassment is alleged to be insufficient on the ground that it fails to allege conduct that was sufficiently severe or pervasive. Plaintiff's claim of sexual discrimination against the University is alleged to be insufficiently stated on the ground that Plaintiff can show neither knowledge of the treatment nor an insufficient response thereto. Plaintiffs claim of retaliation is alleged to be insufficient on the ground that Plaintiff fails to show any causal link between her treatment at the University and knowledge of any protected activity. Finally, all claims against President Rabinowitz are sought to be dismissed on the ground that the amended complaint is lacking completely in any factual allegations that would support a claim of individual liability as to this Defendant.

After reviewing applicable legal principles, the court will turn to the merits of the motion.

## DISCUSSION

I.  Standard for Motion to Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of

5

facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974, see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

While heightened factual pleading is not the new order of the day, Twombly holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Twombly, 127 S. Ct. at 1959. In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. A pleading that does nothing more that recite facts and bare legal conclusions is insufficient to "unlock the doors of discovery . . . and only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S. Ct. at 1950. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing the action. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Watts, 2007 WL 1651852 *2.

II. Age Discrimination

   A. Federal Age Discrimination Claim: Legal Principles

The Age Discrimination Act of 1975, 42 U.S.C. §6102, (the "Act") prohibits discrimination on the basis of age in "any program or activity receiving Federal financial assistance." 42 U.S.C. §6102. Programs or activities covered by the Act include educational institutions receiving federal financial assistance. Maloney v. Social Sec. Admin., 517 F.3d 70, 74 (2d Cir. 2008). A plaintiff alleging a claim pursuant to the Act must first exhaust administrative remedies. 42 U.S.C. §6104(f); Stoner v. Young Concert Artists, Inc., 2011 WL 781941 *2 (S.D.N.Y. 2011). Thus, a Plaintiff may commence an action in court only after a period of "180 days from the filing of an administrative complaint during which time the Federal department or agency makes no finding with regard to the complaint, or upon the day that the Federal department or agency issues a finding in favor of the recipient of financial assistance, whichever occurs first." 42 U.S.C. § 6104(f).

   B. Disposition of Federal Age Discrimination Claim

Defendants argue, and Plaintiff concedes, that she has failed to exhaust her remedies with respect to her claim pursuant to the Act. Accordingly, the court dismisses Plaintiff's claim pursuant to the Age Discrimination Act.

   C. State Law Age Discrimination Claim: Legal Principles

A prima facie case of age discrimination under Section 296 of the New York State Executive Law requires a plaintiff to allege that she was a member of the class protected by the statute, and was subject to adverse action "under circumstances giving rise to an inference of age discrimination." Terranova v Liberty Lines Transit, Inc., 738 N.Y.S.2d 693, 693 (2d Dep't. 2002) (emphasis added).

D.  Disposition of State Law Age Discrimination Claim

The court holds that the amended complaint is completely devoid of any plausible allegation supporting the claim that Plaintiff suffered adverse action of any kind under circumstances giving rise to a claim of age discrimination. The only references to Plaintiff's age are the alleged fact that she was 49 years old upon enrollment in the Program and a bald, unsupported claim that she was subject to age discrimination. Such allegations are plainly insufficient to support a plausible claim of age discrimination. Dismissal of any age discrimination claim is particularly appropriate where, as here, Plaintiff has once amended her complaint in an attempt to properly set forth a plausible age discrimination claim. She has failed completely to assert allegations that could support a finding of circumstances giving rise to a claim of age discrimination. All of Plaintiff's age discrimination claims are therefore dismissed for failure to state a claim.[1]

III.  Gender Discrimination and Retaliation

A.  Title IX and New York State Law: Legal Principles

1.  University/Individual Liability

Like Title VII, there is no individual liability under Title IX. See Miotto v. Yonkers Public Schools, 534 F. Supp.2d 422, 426 (S.D.N.Y. 2008). Thus, the only Title IX Defendant is the University. To establish the University's liability for sexual harassment under Title IX, Plaintiff must show that the University knew, or should have known of Singer's conduct. See Summa v. Hofstra University, 2011 WL 1343058 *16 (E.D.N.Y. 2011); Wharton v. State

---

[1] Plaintiff's memorandum of law (but not her complaint) refers to the viability of an age discrimination in employment claim pursuant to the Age Discrimination in Employment Act ("ADEA"). There is no evidence that Plaintiff was ever employed by the University. Accordingly, there can be no ADEA claim.

University of New York at Buffalo, 2011 WL 1486554 *2 (W.D.N.Y. 2011). Thus, Plaintiff must plausibly allege that "an official who ... has authority to address the alleged discrimination and to institute corrective measures on the [university's] behalf has actual knowledge of discrimination ... and fails to adequately respond." Hayut v. State University of New York, 127 F. Supp.2d 333, 337 (N.D.N.Y. 2000), quoting, Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998). Such failure to respond must further amount to "deliberate indifference." Id.

While there is no individual liability under Title IX, New York State's Human Rights Law provides for such liability under certain circumstances. Specifically, the NYSHRL makes it unlawful for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden" by that law. N.Y. Exec. Law § 296(6). Individual liability under New York law has been held to apply only where the individual defendant actually participated in the conduct giving rise to the claim of discrimination. Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir.1995); see Curran v. All Waste Systems, Inc., 213 F.3d 625 (2d Cir. 2000).

2. Stating a Claim for Gender Discrimination

Title IX prohibits gender discrimination, which includes sexual harassment, against students enrolled in federally supported educational programs. Murray v. New York University College of Dentistry, 57 F.3d 243, 248 (2d Cir. 1995); Gillen v. Borough of Manhattan Community College, 1999 WL 221105 *2 (S.D.N.Y.1999). Courts evaluate claims brought under Title IX, as well as parallel claims under New York State law, pursuant to the same standards as those developed to evaluate claims of employment-related gender discrimination brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d. Murray, 57 F.3d at 249; Summa, 2011 WL 1343058 *12 (E.D.N.Y. 2011). Thus, stating a claim of Title IX sexual harassment requires the plaintiff to plausibly allege that the education al program was

9

"permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions" of that environment. See Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 102 (2d Cir. 2010). A sexually hostile environment includes that in which a supervisor conditions benefits upon the student's acceptance of sexual demands. See Murray, 57 F.3d at 249.

3. Stating a Claim for Retaliation

Retaliation against individuals because they complain of sex discrimination is also a violation of Title IX. Papelino v. Albany College of Pharmacy of Union University, 633 F.3d 81, 92 (2d Cir. 2011). Applying Title VII standards, a Title IX claim of retaliation is stated by alleging: (1) protected activity by the plaintiff; (2) knowledge by the defendant of the protected activity; (3) adverse school-related action; and (4) a causal connection between the protected activity and the adverse action. Id.; see Wharton, 2011 WL 1486554 *2; Mostaghim v. Fashion Institute of Technology, 2002 WL 1339098 *3 (S.D.N.Y. 2002). State law claims of retaliation are governed by the same standards. Summa, 2011 WL 1343058 *19 (E.D.N.Y. 2011).

B. Disposition of Hostile Environment Claims of Gender Discrimination

As set forth in the discussion above, it is only recipients of federal funds that can be held liable under Title IX, and therefore the only proper Title IX Defendant is the University. Individual liability against Defendants Singer and Rabinowitz may be stated pursuant to New York State law. While a claim is stated sufficiently against Defendant Singer, the court holds that Plaintiff fails to state a claim against Defendant Rabinowitz. The amended complaint sets forth no information showing this Defendant's personal involvement in any claim, other than his role as President of the University and recipient of a lawyer's letter. Such allegations are plainly insufficient to state a claim and the complaint is therefore dismissed in its entirety against

Rabinowitz.

As to Plaintiff's Title IX hostile environment and retaliations allegations against Hofstra, and the State law sexual harassment claim against Singer, the court holds that such claims are sufficient to state a claim at this point. Accordingly, the court denies the motion to dismiss with respect to those claims.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted in part and denied in part. All claims of age discrimination and all claims against Defendant Rabinowitz are dismissed. Any Title IX claim against Defendant Singer is dismissed. The court denies the motion to dismiss Title IX claim against Hofstra and the state law individual liability claim against Defendant Singer. If they have not already done so, the parties are directed to contact the assigned Magistrate Judge for the purpose of entering into an appropriate discovery schedule with respect to the claims that remain in this action. The Clerk of the Court is directed to terminate the motion appearing at docket number 11.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
February 2012