UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LISA ESPOSITO,

      Plaintiff,

 -against-

HOFSTRA UNIVERSITY, ALAN J. SINGER, and
STUART RABINOWITZ,

      Defendants.
------------------------------------------------------------x

**ANSWER TO**
**AMENDED COMPLAINT**

Case No. 11-cv-2364
(LDW)(ARL)

  Defendants Hofstra University (the "University" or "Hofstra") and Alan J. Singer ("Singer," collectively, "Defendants"), by their attorneys, Farrell Fritz, P.C., as and for their Answer to the Amended Complaint of plaintiff Lisa Esposito ("Plaintiff"), dated June 17, 2011 (the "Complaint"), state and allege as follows:

## PRELIMINARY STATEMENT

  1. The allegations stated in Paragraph "1" of the Complaint require neither an admission nor denial because they consist primarily of legal argument. To the extent a responsive pleading is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

  2. The allegations stated in Paragraph "2" of the Complaint require neither an admission nor denial because they consist primarily of legal argument. To the extent a responsive pleading is required, Defendants deny the allegations.

  3. The allegations stated in Paragraph "3" of the Complaint require neither an admission nor denial because they consist primarily of legal argument. To the extent a responsive pleading is required, Defendants deny the allegations.

4. The allegations stated in Paragraph "4" of the Complaint require neither an admission nor denial because they consist primarily of legal argument. To the extent a responsive pleading is required, Defendants deny the allegations

## PARTIES

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "5" of the Complaint.

6. Defendants deny the allegations stated in Paragraph "6" of the Complaint, except admit that Hofstra is a private university in Hempstead, New York that is a recipient of federal funds.

7. Based on the Memorandum and Order of the Honorable Leonard D. Wexler, dated February 24, 2012, no response is required.

8. Defendants deny the allegations stated in Paragraph "8" of the Complaint, except admit that Singer is a professor at Hofstra University and was "Plaintiff's Professor."

## FACTUAL BACKGROUND

9. Defendants deny the allegations stated in Paragraph "9" of the Complaint.

10. Defendants deny the allegations stated in Paragraph "10" of the Complaint.

11. Defendants deny the allegations stated in Paragraph "11" of the Complaint, except admit that Plaintiff was accepted into the MSED/Social Studies Education program at Hofstra.

12. Defendants deny the allegations stated in Paragraph "12" of the Complaint, except admit that Plaintiff was registered for History 292 with Professor Singer in the January session 2010.

13. Defendants deny the allegations stated in Paragraph "13" of the Complaint.

14. Defendants deny the allegations stated in Paragraph "14" of the Complaint.

15. Defendants deny the allegations stated in Paragraph "15" of the Complaint.

16. Defendants deny the allegations stated in Paragraph "16" of the Complaint.

17. Defendants deny the allegations stated in Paragraph "17" of the Complaint.

18. Defendants deny the allegations stated in Paragraph "18" of the Complaint.

19. Defendants deny the allegations stated in Paragraph "19" of the Complaint.

20. Defendants deny the allegations stated in Paragraph "20" of the Complaint.

21. Defendants deny the allegations stated in Paragraph "21" of the Complaint.

22. Defendants deny the allegations stated in Paragraph "22" of the Complaint.

23. Defendants deny the allegations stated in Paragraph "23" of the Complaint.

24. Defendants deny the allegations stated in Paragraph "24" of the Complaint.

25. Defendants deny the allegations stated in Paragraph "25" of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "26" of the Complaint.

27. Defendants deny the allegations stated in Paragraph "27" of the Complaint.

28. Defendants deny the allegations stated in Paragraph "28" of the Complaint.

29. Defendants deny the allegations stated in Paragraph "29" of the Complaint.

30. Defendants admit the allegations stated in Paragraph "30" of the Complaint.

31. Defendants deny the allegations stated in Paragraph "31" of the Complaint.

32. Defendants deny the allegations stated in Paragraph "32" of the Complaint.

33. Defendants admit the allegations stated in Paragraph "33" of the Complaint.

34. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "34" of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "35" of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "36" of the Complaint.

37. Defendants deny the allegations stated in Paragraph "37" of the Complaint, except admit that Professor Singer returned and graded the projects.

38. Defendants deny the allegations stated in Paragraph "38" of the Complaint.

39. Defendants deny the allegations stated in Paragraph "39" of the Complaint.

40. Defendants deny the allegations stated in Paragraph "40" of the Complaint.

41. Defendants deny the allegations stated in Paragraph "41" of the Complaint.

42. Defendants deny the allegations stated in Paragraph "42" of the Complaint.

43. Defendants deny the allegations stated in Paragraph "43" of the Complaint.

44. Defendants deny the allegations stated in Paragraph "44" of the Complaint.

45. Defendants deny the allegations stated in Paragraph "45" of the Complaint, except admit that Plaintiff received a grade of C in SED 242.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "46" of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "47" of the Complaint.

48. Defendants deny the allegations stated in Paragraph "48" of the Complaint, except refer to the "letter dated May 20, 2010" for a complete and accurate statement of its contents.

49. Defendants deny the allegations stated in Paragraph "49" of the Complaint.

50. Defendants deny the allegations stated in Paragraph "50" of the Complaint, except admit that Plaintiff "appealed the grade[s] she received" in SED 294 and SED 242.

51. Defendants deny the allegations stated in Paragraph "51" of the Complaint, except refer to the "letter dated July 15, 2010" for a complete and accurate statement of its contents.

52. Defendants deny the allegations stated in Paragraph "52" of the Complaint, except refer to the "letter dated July 16, 2010" for a complete and accurate statement of its contents.

53. Defendants deny the allegations stated in Paragraph "53" of the Complaint, except admit that Plaintiff appealed the grades she received in SED 294 and SED 242.

54. Defendants admit the allegations stated in Paragraph "54" of the Complaint.

55. Defendants deny the allegations stated in Paragraph "55" of the Complaint.

56. Defendants admit the allegations stated in Paragraph "56" of the Complaint.

57. Defendants deny the allegations stated in Paragraph "57" of the Complaint, except refer to the letter "dated December 6, 2010" for a complete and accurate statement of its contents.

58. Defendants deny the allegations stated in Paragraph "58" of the Complaint, except admit that Plaintiff met with an "*Ad Hoc* Committee" concerning her grade appeals.

59. Defendants deny the allegations stated in Paragraph "59" of the Complaint.

60. Defendants deny the allegations stated in Paragraph "60" of the Complaint.

61. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "61" of the Complaint, except admit that Plaintiff received a grade of B+ in SED 294 for the fall 2010 semester.

62. Defendants deny the allegations stated in Paragraph "62" of the Complaint.

63. Defendants deny the allegations stated in Paragraph "63" of the Complaint.

64. Defendants deny the allegations stated in Paragraph "64" of the Complaint.

65. Defendants deny the allegations stated in Paragraph "65 of the Complaint.

66. Defendants deny the allegations stated in Paragraph "66" of the Complaint.

67. Defendants deny the allegations stated in Paragraph "67" of the Complaint, except admit that Plaintiff was enrolled in SED 205 during the fall 2010 semester.

68. Defendants deny the allegations stated in Paragraph "68" of the Complaint.

69. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "69" of the Complaint.

70. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "70" of the Complaint.

71. Defendants deny the allegations stated in Paragraph "71" of the Complaint.

72. Defendants deny the allegations stated in Paragraph "72" of the Complaint.

73. Defendants deny the allegations stated in Paragraph "73" of the Complaint.

74. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "74" of the Complaint, except admit that Plaintiff was dismissed from her student-teaching placement at East Meadow High School.

75. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "75" of the Complaint.

76. Defendants deny the allegations stated in Paragraph "76" of the Complaint.

77. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "77" of the Complaint, except admit that Plaintiff chose to earn a Masters of Science in Education degree in Curriculum Studies.

78. Defendants deny the allegations stated in Paragraph "78" of the Complaint.

79. Defendants deny the allegations stated in Paragraph "79" of the Complaint.

80. Defendants deny the allegations stated in Paragraph "80" of the Complaint.

81. Defendants deny the allegations stated in Paragraph "81" of the Complaint, except refer to the letter "dated May 24, 2011" for a complete and accurate statement of its contents.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "82" of the Complaint.

83. Defendants deny the allegations stated in Paragraph "83" of the Complaint.

84. Defendants deny the allegations stated in Paragraph "84" of the Complaint.

85. Defendants deny the allegations stated in Paragraph "85" of the Complaint.

86. Defendants deny the allegations stated in Paragraph "86" of the Complaint.

87. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "87" of the Complaint.

88. Defendants deny the allegations stated in Paragraph "88" of the Complaint.

89. Defendants deny the allegations stated in Paragraph "89" of the Complaint.

90. Defendants deny the allegations stated in Paragraph "90" of the Complaint.

91. Defendants deny the allegations stated in Paragraph "91" of the Complaint.

92. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "92" of the Complaint.

93. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "93" of the Complaint.

94. Defendants deny the allegations stated in Paragraph "94" of the Complaint.

95. Defendants deny the allegations stated in Paragraph "95" of the Complaint.

96. Defendants deny the allegations stated in Paragraph "96" of the Complaint.

97. Defendants deny the allegations stated in Paragraph "97" of the Complaint.

98. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations stated in Paragraph "98" of the Complaint.

99. Defendants deny the allegations stated in Paragraph "99" of the Complaint.

100. Defendants deny the allegations stated in Paragraph "100" of the Complaint.

101. Defendants deny the allegations stated in Paragraph "101" of the Complaint.

## ANSWERING THE CLAIMS FOR RELIEF

102. Defendants repeat and reallege each and every response of the Answer contained in Paragraphs "1" through "101" as if fully set forth herein.

103. Pursuant to the Memorandum and Order of the Honorable Leonard D. Wexler, dated February 24, 2012, Plaintiff's claims of age discrimination against all Defendants, all of Plaintiff's claims against Rabinowitz, and Plaintiff's claims against Singer pursuant to Title IX have been dismissed. Defendants deny the remaining allegations stated in Paragraph "102" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

104. Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior alleged by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

105. Plaintiff has acknowledged that Defendants took reasonable steps to correct promptly any inappropriate conduct alleged by Plaintiff. Some or all of Plaintiff's claims are barred because Defendants exercised reasonable care by having in place policies, procedures and other measures to prevent and promptly correct the type of conduct alleged in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

106. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Hofstra or to avoid the harm otherwise alleged by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

107. The Complaint fails, in whole or in part, to state a claim upon which relief may granted.

## FIFTH AFFIRMATIVE DEFENSE

108. Any actions taken by Defendants with respect to Plaintiff were taken for legitimate non-discriminatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

109. Plaintiff failed to mitigate some or all of her alleged damages.

## SEVENTH AFFIRMATIVE DEFENSE

110. Compensatory and punitive damages are not available on certain of Plaintiff's claims in this action and/or Defendants' conduct did not rise to the level of culpability required to justify an award of such damages.

## EIGHTH AFFIRMATIVE DEFENSE

111. Plaintiff's claims are barred, either in whole or in part, to the extent Plaintiff failed to comply with conditions precedent and/or statutory prerequisites to suit.

## NINTH AFFIRMATIVE DEFENSE

112. Plaintiff is not entitled to any of the relief sought in the Complaint, including, without limitation, compensatory or punitive damages or injunctive relief.

## TENTH AFFIRMATIVE DEFENSE

113. Defendants may not be held liable for punitive damages because, at the time of the alleged acts or omissions alleged in the Complaint, Defendants had implemented in good faith one or more policies prohibiting the alleged acts or omissions and otherwise had made good faith efforts to comply with the applicable law

114. Defendants reserve the right to file and serve additional defenses, as appropriate.

**WHEREFORE**, Defendants demand judgment against Plaintiff as follows: (i) dismissing the Complaint, in its entirety, with prejudice; (ii) awarding Defendants their costs and expenses, including reasonable attorneys' fees, incurred in the defense thereof; and (iii) such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
March 29, 2012

Respectfully submitted,

FARRELL FRITZ, P.C.

By: _____
Domenique Camacho Moran
Michael A.H. Schoenberg
*Attorneys for Defendants,*
*Hofstra University, Alan J. Singer*
*and Stuart Rabinowitz*
1320 RXR Plaza
Uniondale, New York 11556
Tel.: (516) 227-0700
E-mail: dmoran@farrellfritz.com

TO: Steven A. Morelli, Esq.
Eric S. Tilton, Esq.
Law Office of Steven A. Morelli, P.C.
*Attorneys for Plaintiff*
1461 Franklin Avenue
Garden City, New York 11530

Interwoven\2285177.1